UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re                                                            14 Civ. 1611 (PKC)


MARY VERONICA SANTIAGO-MONTEVERDE,                               Chapter 7 Case No.
                                                                11-15494 (JMP)
                          Debtor.
-------------------------------------------------------------x
                                                                MEMORANDUM
MARY VERONICA SANTIAGO-MONTEVERDE,                               AND ORDER

                          Appellant,

           -against-

JOHN S. PEREIRA,                            ┌──────────────────────────────┐
                                            │ USDS SDNY                    │
                          Appellee.         │ DOCUMENT                     │
-------------------------------------------------x │ ELECTRONICALLY FILED         │
                                            │ DOC #: _____        │
                                            │ DATE FILED: _3-25-14_        │
                                            └──────────────────────────────┘

CASTEL, District Judge:

            John Pereira, the trustee in the Chapter 7 bankruptcy case of debtor Mary

Veronica Santiago-Monteverde, moves under 28 U.S.C. § 158(d)(2)(A) to certify the debtor's

appeal from two orders entered by the bankruptcy court on January 15, 2014 for an appeal

directly to the Second Circuit.  The first of these orders denied Santiago-Monteverde's motion

under 11 U.S.C. § 706(a) to convert her case to one under Chapter 13 of the Bankruptcy Code.

The second authorized the sale of her rent-controlled lease pursuant to 11 U.S.C. § 363.  An

earlier order in the same case held that the rent-controlled lease was not exempt from the

property of the bankruptcy estate.  An appeal from that order is presently under submission with

the Second Circuit, and on January 29, 2014, that court stayed the two orders appealed from here

pending the outcome of that appeal.

Santiago-Monteverde opposes Pereira's motion, asserting that this Court is without jurisdiction to consider the request because it was filed after the deadline for such a motion set forth in 28 U.S.C. § 158(d)(2)(E).  While that section does require that a certification request be made "not later than 60 days after the entry of the judgment, order, or decree" appealed from, the statute permits this Court to make a certification determination "on its own motion or on the request of a party."  28 U.S.C. § (d)(2)(A), (B)(i), (E).  Because the untimeliness of the motion appears partially attributable to a misunderstanding between the parties as to whether the motion would be filed jointly, the Court will consider Pereira's request on the merits.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended section 158 of the Judicial Code to establish a procedure for the certification of bankruptcy appeals directly to a Court of Appeals.  See P.L. 109-8, 119 Stat. 23 (2005).  As amended, section 158 grants jurisdiction to "the appropriate court of appeals" if the district court involved in the appeal certifies that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A).  Pereira does not contend that either of the first two circumstances is present in this case.  Instead, he states that "[a]n immediate appeal from the Orders will

materially advance the progress of the case." (Dkt. No. 6 at 7). He contends that certifying a direct appeal would speed resolution of the case and increase efficiency.

Upon reviewing the parties' submissions, this Court concludes that none of the three circumstances warranting certification under 28 U.S.C. § 158(d)(2)(A) is present here. In particular, certification under subsection 158(d)(2)(A)(iii) is unwarranted for two reasons. First, efficiency alone is not a proper reason for certification. See In re BGI, Inc., 504 B.R. 754, 765 (S.D.N.Y. 2014); see also Weber v. United States, 484 F.3d 154, 160 (2d Cir. 2007) ("Congress was aware of the dangers of leapfrogging the district court in the appeals process . . . [and likely recognized] the salutary effects of allowing some cases to percolate through the normal channels."); In re Lehman Bros. Inc., 13 Civ. 5381 (DLC), 2013 WL 5272937 (S.D.N.Y. Sept. 18, 2013) ("if the mere expectation of advancement to a circuit court was sufficient to establish material advancement, Section 158(d)(2)(A) would effectively eliminate the district court from the bankruptcy review process altogether."). In providing the procedure for expedited appeals under BAPCPA, "although Congress emphasized the importance of our expeditious resolution of bankruptcy cases, it did not wish us to privilege speed over other goals . . . ." Id. at 160.

Second, the assumption that direct appeal will materially advance the progress of the case is speculative. As the Second Circuit has recognized, "since district courts tend to resolve bankruptcy appeals faster than the courts of appeals . . . the cost in speed of permitting district court review will likely be small." Weber, 484 F.3d at 160. Here, the debtor's appeal of the bankruptcy court's April 10, 2012 order has been fully briefed and argued before the Second Circuit, while a direct appeal here would require a new round of briefing and argument. The orders at issue in this appeal have been stayed by the Second Circuit pending the outcome of the earlier appeal. While it is possible that the court of appeals might accept a certified direct appeal

and consolidate it with the earlier appeal, this is only one potential scenario.  Moreover, should the debtor prevail in the earlier appeal, her rent-controlled lease would be exempt from the property of the bankruptcy estate and any issues relating to the sale of that lease would thus be moot.

Thus, because Pereira has failed to demonstrate any of the three circumstances warranting the certification of a direct appeal to the court of appeals under 28 U.S.C. § 158(d)(2)(A), this Court declines to so certify the appeal either on Pereira's motion or on its own motion.

CONCLUSION

For the foregoing reasons, appellee's motion for certification of a direct appeal to the Second Circuit (Dkt. No. 6) is DENIED.  Appellee Pereira may respond to appellant's brief within fourteen days from the issuance of this Memorandum and Order.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 24, 2014