UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

Mary Veronica Santiago-Monteverde,

        *Debtor.*

On Appeal from
Case No. 11-15494
(Bankr. S.D.N.Y. (RG))
Chapter 7

-------------------------------------------------------------------x

Mary Veronica Santiago-Monteverde,

        *Debtor- Appellant,*

        vs.

14 Civ. 01611 (PKC)

John S. Pereira, Chapter 7 Trustee,

        *Trustee- Appellee.*
-------------------------------------------------------------------x

### REPLY OF APPELLANT

KATHLEEN G. CULLY PLLC
Kathleen G. Cully
180 Cabrini Boulevard, #128
New York, NY 10033-1167
Telephone (212) 447-9882
Facsimile (800) 979-0423

*Attorney for Appellant*

TABLE OF CONTENTS

I. STATEMENT OF ISSUES PRESENTED ................................................................................ 1

II. STATEMENT OF THE CASE .................................................................................................. 1

III. ARGUMENT ............................................................................................................................. 2

    A. Jurisdiction as to the AAS Order ................................................................................ 2

    B. Conversion to Chapter 13 ............................................................................................ 5

    C. Assumption, Assignment and Sale (Including Deregulation)

of the Lease ................................................................................................................. 7

IV. CONCLUSION ........................................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Cases**

*Cheslock-Bakker & Assoc., Inc. v. Kremer (In re Downtown Athletic Club)*, 2000 WL 744126, 44 Collier Bankr.Cas.2d 342 (S.D.N.Y. 2000) .......................... 9

*Extell Belnord LLC v. Uppmann*, 2013 N.Y. Slip Op. 07697 (N.Y. App. Div. 2013) ............................................................................................. 10

*In re Bencker,* 122 B.R. 506 (Bankr. W.D.Mich. 1990) ........................................... 4, 5

*In re General Motors, Inc.,* 407 B.R. 463 (Bankr. S.D.N.Y. Jul. 5, 2009). ................. 9

*In re Stein*, 281 B.R. 845 (Bankr. S.D.N.Y. 2002) .................................................... 8

*In re Strawberry Square Associates,* 152 B.R. 699 (Bankr. E.D.N.Y. 1993) ............ 4

*In re Urban Development,* 42 B.R. 741 (Bankr. M.D.Fla. 1984) ............................... 4

*In re Yasin,* 179 B.R. 43 (Bankr. S.D.N.Y. 1995) ..................................................... 8

*Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365 (2007). ......................... 6

*Law v. Siegel,* 571 U.S. \_\_\_ (Mar. 4, 2014) ............................................................. 5

*Neary v. Padilla (In re Padilla),* 222 F.3d 1184 (9th Cir. 2000) ................................. 3

*Resolution Trust Corp. v. Diamond*, 18 F.3d 111 (2d Cir. 1994), *vacated and remanded sub nom*, *Solomon v. Resolution Trust Corp.*, 513 U.S. 801 (1994) .... 8

*Resolution Trust Corp. v. Diamond*, 45 F.3d 665 (2d Cir.) *cert denied*, *Solomon v. Resolution Trust Corp.*, 515 U.S. 1158 (1995) ..................................................... 8, 9

*Toledano v. Kittay (In re Toledano)*, 299 B.R. 284 (Bankr. S.D.N.Y. 2003) .............. 9

*Whispering Pines Estates v. Flash Island, Inc. (In re Whispering Pines Estates),*

   369 B.R. 752, 757 (1st Cir. B.A.P. 2007) .................................................................... 3

**Statutes**

11 U.S.C. § 1307 (2013) ................................................................................................ 6

11 U.S.C. § 363(m) (2013) ........................................................................................ 2, 4

11 U.S.C. § 541 (2013) .................................................................................................. 7

11 U.S.C. §§ 109(e) (2013) ............................................................................................ 6

**Rules**

Fed. R. Bankr. P. 3015(b) ............................................................................................ 6

## REPLY OF APPELLANT

### I. STATEMENT OF ISSUES PRESENTED

Appellant rejects the statement of issues proposed by Appellee, especially the issues presented by the Order Denying Conversion,[1] where Appellee's statement is more argumentative than descriptive and misstates or takes out of context facts in the record (many of which are legally irrelevant). This Reply addresses Appellee's revision of the record in the section relating to Conversion to Chapter 13, *infra* at 5-7.

### II. STATEMENT OF THE CASE

Appellee's statement of the case also significantly revises the record. In particular, Debtor did offer to purchase her Lease by converting her case to one under Chapter 13. This Reply will also address related arguments in the section dealing with Conversion to Chapter 13.

Appellee attempts to distort the record in other ways as well. Lacking space to respond fully, and because these distortions are legally irrelevant due to the Bankruptcy Court's finding that there was no bad faith on the part of the Debtor, her son or her counsel, Bench Ruling 6-7 ("conversion of the case from Chapter 7 to Chapter 13 would not be barred by an objective finding of lack of good faith," *id.* at 7), Appellant will address only a few items. Review of Appellant's Brief and the record will amply demonstrate the veracity of Appellant's description of the record.

---

[1] For ease of reference, capitalized terms used without definition herein have the respective meanings assigned to them in Appellant's Brief, ECF No. 5.

First, as the Trustee agreed by issuing his Report of No Distribution, Bankr. Case (no ECF No.; filed Jan. 5, 2012), Debtor indeed had no nonexempt assets under New York law and virtually uniform bankruptcy practice until the Landlord's intervention in this case with an offer to purchase her Lease. Second, Debtor and her counsel did enter into settlement negotiations, by email and in person, resulting in her acceptance of what she believed was the Landlord's offer to allow her to remain as a rent-stabilized tenant if her son would surrender his succession rights. *See* her Rep. to Objs. to Debtor's Appn. for Order Convert'g Case, Bankr. Case, ECF No. 61 (filed Oct. 17, 2012), at 2-3. Finally, Appellant has repeatedly explained her objections to the terms of the replacement lease provided for by the AAS Order, which significantly increases the risk of her eviction. *See* Appellant's Brief 16-18 and the materials cited therein.

### III.   ARGUMENT

#### A.   *Jurisdiction as to the AAS Order*

Appellee first argues that the Bankruptcy Court's authority to enter the AAS Order is somehow confirmed by Section 363(m) of the Bankruptcy Code. Appellee's Brief, ECF No. 12, 8-9. But Section 363(m) is irrelevant to the issue of jurisdiction; its purpose is to protect the validity of sales under Section 363(b by providing that, absent a stay pending appeal, the validity of a sale to a good-faith purchaser that has already taken place under the authorization of a bankruptcy court is not affected by a subsequent reversal or modification on appeal. *See* 11 U.S.C. § 363(m) (2013). It simply has nothing to say to the question of that court's jurisdiction to authorize such a sale.

2

Similarly, Appellee argues that appeal of the AAS Order is moot because the stay now in effect was not obtained until January 29, 2014. Appellee's Brief 9-10. That contention ignores the fact that the AAS Order was stayed by its own terms for 15 days after entry, AAS Order, ECF No. 122, 4, *i.e.,* until January 30, 2014. As the order has continuously been stayed since its entry, the authorization and sale contemplated by the order would be affected by reversal or modification on appeal. Consequently, this appeal is not moot.

Finally, Appellee argues that the issues involved in the AAS Order are so distinct from the issues presented in the current appeal to the Second Circuit Court of Appeals as to allow the Bankruptcy Court to retain jurisdiction to sell the *res* that is claimed as exempt, namely, the value derived from the rent-regulated status of the Debtor's lease. Appellee's Brief 11-14. That is absurd on its face, for if the Court of Appeals determines that the *res* is exempt it will not be part of the bankruptcy estate or subject to the jurisdiction of the Bankruptcy Court. Thus, any sale of the *res* would clearly "interfere with or effectively circumvent the appeal process," *Whispering Pines Estates v. Flash Island, Inc. (In re Whispering Pines Estates),* 369 B.R. 752, 757 (1st Cir. B.A.P. 2007) and "amount[] to a final adjudication of the substantial rights directly involved in the appeal", *Neary v. Padilla (In re Padilla),* 222 F.3d 1184, 1190 (9th Cir. 2000). Indeed, Appellee's argument that "[m]uch of the Debtor's argument against the [AAS] Order is premised on the false notion that the Lease is exempt property", Appellee's Brief 17, .corroborates that position: whether the rent-stabilization

value is exempt is fundamental to whether it is property of the estate that can be assumed, assigned or sold.

Moreover, the cases on which Appellee relies do not support his position (as well as being bankruptcy court cases not binding on this Court). In *In re Strawberry Square Associates,* 152 B.R. 699 (Bankr. E.D.N.Y. 1993), a sale had been authorized prior to any notice of appeal involving the related asset; also, a stay of the sale order had already expired without any notice of appeal having been filed.[2] In *In re Urban Development,* 42 B.R. 741 (Bankr. M.D.Fla. 1984), in addition to appealing an order granting relief from the automatic stay and permitting a secured creditor to foreclose on the subject property, the debtor sought an affirmative injunction prohibiting the creditor from foreclosing, and the bankruptcy court held that this additional injunction "would in effect not only frustrate but for all practical purposes moot out the appeal and would, in fact, serve as a substitute for the appeal process," *id.* at 744. Nothing indicates that the creditor had attempted to proceed with foreclosure notwithstanding the appeal; if it had, and if the debtor had merely objected to such an attempt, the court's analysis indicates that it would have stayed that attempt, *see id.* at 743-44. As it was, however, the court effectively agreed with the creditor that it lacked jurisdiction to grant the debtor's request for an injunction. And in *In re Bencker,* 122 B.R. 506 (Bankr. W.D.Mich. 1990), a creditor appealing an unstayed

---

[2] As noted earlier, *supra* at 1, such a stay is required by Section 363(m) after entry of a sale order.

ruling that insurance proceeds were property of the estate agreed that its interests were adequately protected in any event, *id.* at 509, so that it would be able to recover whatever the decision in the appellate court—very different facts from the current appeal, where the Debtor argues that the *res* is exempt from being property of the estate and that her interests are not adequately protected. Here, Appellee does not so much as suggest that the AAS Order protects the Debtor's interest (as opposed to the interests of her creditors and the Trustee), *see* Appellee's Brief at 12. Also, in *Bencker* the court was only enforcing its unstayed order, while in this case the Bankruptcy Court was expanding on its earlier judgment as to the exemption; as a result, the Bankruptcy Court lacked jurisdiction to issue the AAS Order. *See Bencker,* 122 B.R. at 509.

### B.   *Conversion to Chapter 13*

Appellee barely disputes the invalidity of the Bankruptcy Court's denial of conversion. Appellee's Brief at 14-16. He does not so much as cite *Law v. Siegel,* 571 U.S. ___ (Mar. 4, 2014), which clearly forecloses any basis for denying conversion other than bad faith and specifically forecloses denial under Section 105 where not otherwise explicitly authorized by the Bankruptcy Code, *id.* at *10-11 ("At most, *Marrama*'s dictum suggests that in some circumstances a bankruptcy court may be authorized to dispense with futile procedural niceties in order to reach more expeditiously an end result required by the [Bankruptcy] Code. *Marrama* most certainly did not endorse, even in dictum, the view that equitable considerations

5

permit a bankruptcy court to contravene express provisions of the Code."). The issues involved here are not "futile procedural niceties"; to the contrary, they are substantive issues that the Bankruptcy Code mandates be resolved in a Chapter 13 proceeding.

Here, as Appellee acknowledges, there is no bad faith. Appellee's Brief 15. Instead, he argues that neither the Debtor nor her son could fund a Chapter 13 plan. *Id.* But, even if it were true, that would be irrelevant, as the Bankruptcy Code provides that feasibility of a Chapter 13 plan is to be determined in a Chapter 13 proceeding; it is not a condition to qualifying as a Chapter 13 debtor, as required by *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365 (2007). *See* 11 U.S.C. §§ 109(e), 1307 (2013); *see esp.* FED. R. BANKR. P. 3015(b) (requiring a Chapter 13 plan to be filed only after conversion).

Moreover, it is not true. The Debtor and her son are not required to fund the entire Chapter 13 plan; instead, they would only fund the portion of the Chapter 13 plan needed to fully repay her creditors. The truly staggering—and, in the context of her scheduled debts and her application to convert to Chapter 13, clearly unreasonable and unnecessary—administrative expenses claimed by the Trustee would be paid by a contribution from her counsel (or, possibly, others willing to make such a contribution). Debtor's counsel provided evidence that funds were available to pay even the claimed administrative expenses; Debtor's son testified that he was both able and willing to pay her general unsecured creditors in full. Nov. 2013 Hearing at 59 & 61-65; *see also* Appellant's Brief 15-16.

6

And Debtor did, in fact, file her application to convert her case to Chapter 13 promptly after her landlord's attempt to raise her rent to approximately 160% of her current rent, deregulate her Lease and provide for eviction on short notice. *Id.* at 4-5 & 16. This was no tactical delay—an assertion supported by no evidence at all. *See id.* Instead, it was a bona fide effort to purchase her Lease from her landlord.

C.  *Assumption, Assignment and Sale (Including Deregulation) of the Lease*

First, although the Trustee argues that the assumption, assignment and sale of the Debtor's lease is valid, he never even mentions, much less addresses, the fact that, as shown in Appellant's Brief, rent-regulated leases such as the Debtor's are not property at all, much less property of the Debtor that could be included in her bankruptcy estate. *Cf.* 11 U.S.C. § 541 (2013). Instead, he adduces several secondary arguments. But even they do not support his position.

First, of course New York's rent-gouging laws do not address a sale in the bankruptcy context, as such sales have simply not occurred during the over 40-year period since the most recent rent regulation laws. But that is no reason to assert, as the Trustee does, that those laws do not apply. The rent-regulation régime was intended to prevent any person—landlords in particular—from profiting from sales of rent-regulated leases for more than their legal values. This case clearly violates that policy, as set forth in the rent-gouging laws.

Second, it is not the Debtor that has endeavored to create a property right separate from the Lease: it is the Landlord, who intervened in this case

7

after the Trustee had issued a no-asset report. The Debtor has merely asserted that, not the Lease itself, but the value associated with the removal of the rent-regulation régime is exempt from her bankruptcy estate (if indeed it is property at all). The Lease in and of itself is an ordinary two-year residential lease with negligible value.

Third, contrary to Appellee's assertion and as discussed in Appellant's Brief, n. 10 at 21, *Resolution Trust Corp. v. Diamond*, 18 F.3d 111 (2d Cir. 1994), *vacated and remanded sub nom, Solomon v. Resolution Trust Corp.*, 513 U.S. 801 (1994) ("*Diamond I*") and *Resolution Trust Corp. v. Diamond*, 45 F.3d 665 (2d Cir.) *cert denied, Solomon v. Resolution Trust Corp.*, 515 U.S. 1158 (1995) ("*Diamond II*"), held only that rent-regulated leases, being based on leases under state law, were leases for purposes of federal law; they did not hold that the rent-regulation régime associated with a regulated lease was assumable, assignable or subject to sale under the Bankruptcy Code. Instead, Diamond II held that repudiation under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (not assumption, assignment or sale under the Bankruptcy Code) pre-empted New York's rent-regulation laws. To the same effect, in *In re Yasin,* 179 B.R. 43 (Bankr. S.D.N.Y. 1995), the court stated in discussing Diamond I and II that "nothing in the [Bankruptcy] Code or section 365 pre-empts the tenants renewal rights under the rent stabilization laws", *id.* at 50.

Fourth, again contrary to Appellee's assertion and as discussed in Appellant's Brief, n.10 at 21, *In re Stein*, 281 B.R. 845 (Bankr. S.D.N.Y. 2002), was not a

8

case involving the rent-regulation laws (and even if it were the debtor was in arrears in his rent and subject to imminent eviction). That leaves the sole case of *Toledano v. Kittay (In re Toledano)*, 299 B.R. 284 (Bankr. S.D.N.Y. 2003), which was not only based on erroneous readings of *Diamond II* and *Stein* but involved a debtor who had apparently not cured her prepetition rent defaults. More importantly, it was the only case in the forty years since enactment of the rent-stabilization code that even attempted to claim that the benefits of rent regulation were an asset for creditors—just as if a company were to file for bankruptcy and claim that it was no longer subject to any regulations, such as minimum-wage or health or environmental or landmark laws. This not only makes no sense, it is contrary to accepted bankruptcy law. *See, e.g., In re General Motors, Inc.,* 407 B.R. 463, 507*ff* (Bankr. S.D.N.Y. Jul. 5, 2009).

   In addition, the Trustee's argument that Section 363(f)(4) was not satisfied, even if the Debtor's interest in the rent-stabilized value of her Lease were property of her estate, is simply wrong. That section requires that her interest have been the subject of a "bona fide dispute." 11 U.S.C. § 363(f)(4). Although no one disputes that the Debtor has a rent-stabilized lease, the Trustee asserts that the dispute over whether the Debtor's interest in the rent-stabilized value of her Lease is a "bona fide dispute", citing only the unreported (and therefore nonbinding) decision of *Cheslock-Bakker & Assoc., Inc. v. Kremer (In re Downtown Athletic Club),* 2000 WL 744126, 44 Collier Bankr.Cas.2d 342 (S.D.N.Y. 2000), for this remarkable bootstrapping argument. But in that case whether

9

they had any right to obtain rent-stabilized leases was disputed, being the subject of a proceeding before the New York State Division of Housing and Community Renewal. *Id.* at *1. In this case, by contrast, no one disputes that the Debtor now has a rent-stabilized lease for her apartment. There is no "bona fide dispute" as to her interest in her Lease.

Finally, of course the AAS Order is a simple attempt to remove rent regulation. According to the Trustee's own briefs, the only difference between the Debtor's current lease and that contemplated by the Order is that the proposed lease would be deregulated (but would otherwise be substantially the same as a regulated lease). As the Debtor cannot waive rent regulation, *see, e.g., Extell Belnord LLC v. Uppmann*, 2013 N.Y. Slip Op. 07697 (N.Y. App. Div. 2013), neither can the Trustee as her assignee.

IV. CONCLUSION

For the foregoing reasons, Appellant once again respectfully submits that the Order Denying Conversion is erroneous and the AAS Order invalid as both erroneous and an abuse of discretion.

Respectfully submitted,

Dated: April 21, 2014  KATHLEEN G. CULLY PLLC
New York, New York

By: /s/ Kathleen G. Cully-------------------
180 Cabrini Boulevard, #128
New York, NY 10033-1167
Telephone (212) 447-9882
Facsimile (800) 979-0423

*Attorney for Appellant*

10